**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

| | |
|---|---|
| HomEq Servicing Corporation f/k/a TMS Mortgage, Inc. d/b/a The Money Store, | Respondent, |
| v. | |
| Jeanette B. Napier, Dale W. Phillips, NationsCredit Financial Services Corporation d/b/a EquiCredit, Chisolm Green Property Homeowners Association, Inc., | Defendants, |
| of whom Jeanette B. Napier is the | Appellant. |

Appeal From Charleston County
Mikell R. Scarborough, Master-In-Equity

Unpublished Opinion No. 2012-UP-405
Submitted May 1, 2012 – Filed July 11, 2012

**REMANDED**

Jeanette B. Napier, of Johns Island, pro se.

Weston Adams, III and Helen Hiser, both of
Columbia, for Respondent.

**PER CURIAM:** Jeanette Napier appeals the master-in-equity's order and judgment of foreclosure, arguing the master erred in (1) refusing to grant Napier's motion for a continuance, (2) calculating several fees and deficits in amending an earlier judgment against Napier, and (3) failing to reconsider its order. We remand.[1]

We remand to the master for consideration of Napier's post-trial motion. See Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order."); Rule 5(e), SCRCP ("The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk."); Rule 59(g), SCRCP ("A party filing a written motion under this rule shall provide a copy of the motion to the judge within ten (10) days after the filing of the motion.").[2]

**REMANDED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur**.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] In light of our disposition herein, we decline to address Napier's remaining arguments. See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing an appellate court need not address all issues on appeal when the disposition of one issue is dispositive).